# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KRUSE, INC. d/b/a KRUSE INTERNATIONAL, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:10-CV-14 ) |
| RODNEY HOGAN and PLAYTIME PLAYGROUND EQUIPMENT, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the DeKalb Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff Kruse is a corporation with its principal place of business in Indiana and that Defendants Rodney Hogan and Playtime Playground Equipment are citizens of Alabama. (Notice of Removal ¶ 2.)

Defendants' jurisdictional allegations, however, are inadequate. Corporations "are deemed to be citizens of *the state in which they are incorporated* and of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Defendants have only indicated the principal place of business of Plaintiff Kruse, and must therefore amend their notice of removal to provide the Court with Kruse's state of incorporation.[1]

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*,

Furthermore, the notice of removal merely recites that Defendant Playtime Playground Equipment is a citizen of Alabama. If Playtime is a corporation, it is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *N. Trust Co.*, 899 F.2d at 594. By contrast, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).[2] Similarly, "both general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Consequently, Defendants must amend their notice of removal to adequately state Playtime Playground Equipment's citizenship.

Therefore, the Defendants are ORDERED to file an amended Notice of Removal forthwith, properly alleging on personal knowledge the citizenship of Plaintiff Kruse, Inc. and Defendant Playtime Playground Equipment.

SO ORDERED.

Enter for January 21, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

[2] Moreover, citizenship must be "traced through multiple levels" for those members who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).