**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| KRUSE, INC. d/b/a KRUSE INTERNATIONAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:10-cv-00014 |
| ) | |
| RODNEY HOGAN and ) | |
| PLAYTIME PLAYGROUND EQUIPMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| RODNEY HOGAN, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| KRUSE, INC., d/b/a KRUSE INTERNATIONAL, ) | |
| ) | |
| Counter Defendant. ) | |
| _____ ) | |
| ) | |
| RODNEY HOGAN, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BUNKER LAKES DEALERSHIP, INC., and ) | |
| DEAN KRUSE, ) | |
| ) | |
| Third Party Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the third Joint Motion to Extend Discovery Deadlines (Docket # 48) filed on July 26, 2011, as well as a Motion to Continue (Docket # 49) filed by Defendant, Rodney Hogan, on July 28, 2011. The Joint Motion will be DENIED, but the Motion

to Continue will be GRANTED.

The Joint Motion, filed eight days after discovery closed on July 18, 2011, is essentially the same motion counsel filed on May 17, 2011. (Docket # 45.)  The May 17th motion was at least filed before the then-existing discovery deadline, so only good cause needed to be shown under Federal Rule of Civil Procedure 6(b)(1)(A).  Since Plaintiff's counsel was new to the case, the Court exercised its discretion in favor of extending the deadline to July 18, 2011, as requested. (Docket # 46.)

The present Joint Motion, however, merely restates the same excuses the parties used on May 17, 2011, but counsel for the Plaintiff is no longer new to the case, and besides, the motion was filed after the close of discovery.  The untimely motion now falls under Federal Rule of Civil Procedure 6(b)(1)(B), which requires both a showing of "good cause" and "excusable neglect."

Of course, continuances or extensions of time with respect to discovery deadlines may be granted by a request made before the expiration of the deadline and only with a convincing showing of good cause. *Leadbetter v. City of Fort Wayne*, No. 1:06-cv-285, 2007 WL 2782277, at *2 (N.D. Ind. Sept. 21, 2007) (quoting *Smith v. Howe Military Sch.*, No. 3: 96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997)).  The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662506, at *1.  In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*  In this case, after fourteen months of discovery, and after the discovery deadline, the parties have offered no showing of good cause for seeking their third extension.  That is, the Joint Motion does not show diligence, and in fact, the record suggests a lack of diligence.

Furthermore, the parties do not mention, or attempt to show, the other requirement under Federal Rule of Civil Procedure 6(b)(1)(B)—excusable neglect. Excusable neglect is "a somewhat elastic concept", *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). The relevant factors in this equitable determination include "the danger of prejudice to the defendant, the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted [with] good faith." *Id*. at 359 (quoting *Pioneer*, 507 U.S. at 395). In this case, the parties have made no effort to show that their delay in seeking their third extension of discovery was due to excusable neglect. Accordingly, their Joint Motion (Docket # 48) is DENIED.[1]

The Court will, however, grant the Motion to Continue (Docket # 49), and the status conference currently set for August 1, 2011, at 1:30 p.m. is reset to August 4, 2011, at 4:30 p.m. Counsel are to be present in person. Since discovery is now closed, counsel should be prepared to address whether dispositive motions are contemplated and the anticipated length of trial.

Dated: July 29, 2011.　　　　　　　　　　　　　s/Roger B. Cosbey
　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

---

[1] On July 20, 2011, Counsel were ordered to file a Joint Status Report by July 28, 2011. (Docket # 47.) Indulging the benevolent proposition that counsel would not ignore a Court Order, the Court will assume their warmed-over Joint Motion is their Status Report.