# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KRUSE, INC. d/b/a KRUSE INTERNATIONAL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RODNEY HOGAN and ) <br> PLAYTIME PLAYGROUND EQUIPMENT, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> RODNEY HOGAN, ) <br> ) <br> Counter Claimant, ) <br> ) <br> v. ) <br> ) <br> KRUSE, INC., d/b/a KRUSE INTERNATIONAL, ) <br> ) <br> Counter Defendant. ) <br> _____ ) <br> ) <br> RODNEY HOGAN, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUNKER LAKES DEALERSHIP, INC., and ) <br> DEAN KRUSE, ) <br> ) <br> Third Party Defendants. ) | Case No: 1:10-cv-00014 |

## **OPINION AND ORDER**

This matter is before the Court on the oddly-titled (under the circumstances) Joint Motion to Compel (Docket # 55) filed by counsel for the parties, seeking an order compelling the Third Party Defendants, Dean Kruse and Bunker Lakes Dealership, Inc., to produce certain documents

responsive to Defendant/Third Party Plaintiff's Request for Production of Documents. Because the motion is late—beyond the deadline set for such motions—it will be DENIED.

### A. *Procedural Background*

On May 7, 2010, the Court set an initial discovery deadline of November 19, 2010, in this action. (Docket # 31.) On November 24, 2010, the Court granted a joint request for an extension of the discovery deadline to February 24, 2011. (Docket # 39.) On February 17, 2011, the Court granted a Joint Motion for Extension of Time to Complete Discovery, extending the deadline to May 18, 2011. (Docket # 41.) The Court granted another Joint Motion for Extension of Time on May 17, 2011, ordering a new discovery deadline of July 18, 2011. (Docket # 46.) All of these requests were supported by good cause.

After fourteen months of discovery and after the close of discovery, the parties filed yet another Joint Motion to Extend Discovery Deadlines on July 26, 2011. (Docket # 48.) In its July 29th order, the Court denied that motion because the parties failed to make a showing of good cause or excusable neglect, and discovery was thus deemed closed. (Docket # 50.) At a subsequent status conference, on August 4, 2011, when told there was some discovery still outstanding, the Court granted the parties until August 19, 2011, to file any motions to compel, thus providing them a final opportunity to complete the process. (Docket # 51.) On August 21, 2011, and again, *after* the applicable deadline, the parties filed the instant Joint Motion to Compel.[1] (Docket # 55.)

---

[1]The Joint Motion is curious in that it purportedly indicates that counsel for Kruse and Bunker Lakes is seeking an order that would compel his clients to respond to Hogan's discovery. Such a motion would, if granted, open the door to fees and expenses, Fed. R. Civ. P. 37(a)(5)(A), and it would also lay the foundation for sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i-vii). Such a motion, of course, seriously calls into question counsel's duty of loyalty to his clients under Rule 1.7 of Indiana's Rules of Professional Conduct. *See Bethlehem Steel Corp. v. Sercon Corp.*, 654 N.E.2d 1163, 1169 (Ind. Ct. App. 1995). Moreover, if Kruse and Bunker Lakes in fact consent to the production, the motion hardly appears necessary or, in legal terms, it is MOOT.

*B. Applicable Legal Standard*

Although neither the Federal Rules of Civil Procedure nor the Local Rules impose a deadline for filing motions to compel, *see LG Elec. v. Whirlpool Corp.*, No. 08 C 242, 2009 WL 3294802, at *2 (N.D. Ill. June 22, 2009), "motions to compel filed after the close of discovery are almost always deemed untimely," *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)). The determination of the timeliness of a motion to compel lies within the discretion of the court. *Henneman v. Fed. Check Recovery*, No. 10-C-746, 2011 WL 1900183, at *3 (E.D. Wis. May 19, 2011).

Here, no motions to compel were filed before the close of discovery on July 18, 2011. Nevertheless, on August 4, 2011, the Court gave the parties one final opportunity—until August 19, 2011—to file such a motion. (*See* Docket # 51.) The present motion, however, was filed two days *after* the deadline and, as such, is untimely unless, under Federal Rule of Civil Procedure 6(b)(1)(B), there has been a showing of both "good cause" and "excusable neglect."

The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch.*, No. 3: 96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997)). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id*.

Along with good cause, the parties must also make a showing of excusable neglect under Rule 6(b)(1)(B). Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997)

(quoting *Pioneer*, 507 U.S. at 394).

### *C. Analysis*

In this case, after fourteen months of discovery and the denial of the parties' most recent motion for an extension of the discovery deadline, the parties failed to meet the August 19th deadline for filing motions to compel set out in this Court's order of August 4, 2011. In terms of good cause, however, the Joint Motion makes no mention of diligence, much less an explanation of why, despite their diligence, the parties were unable to meet the Court's deadline. *See Smith*, 1997 WL 662506, at *1. Accordingly, no showing of good cause has been made.

As for the second requirement—excusable neglect—the parties have made no effort to show that either. While negligence in missing a filing deadline may amount to excusable neglect, *see Robb*, 122 F.3d at 355-56, the parties here do not even acknowledge, let alone attempt to explain, the untimeliness of their Motion.

Accordingly, the Joint Motion to Compel (Docket # 55) will be DENIED as untimely.

### *D. Conclusion*

For the foregoing reasons, the Joint Motion to Compel (Docket # 55) is DENIED.

SO ORDERED.

Dated: August 24, 2011.　　　　　　　　　　　s/Roger B. Cosbey　　　　　　
　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　United States District Court