UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KRUSE, INC., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-CV-14 JD |
| | ) |
| RODNEY HOGAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This case arises from a dispute regarding a vehicle auction. Kruse, Inc., sued Rodney Hogan and Playtime Playground Equipment, Inc. [DE 1.] Mr. Hogan filed a counterclaim against Kruse, Inc., as well as a third-party complaint against Dean Kruse and Bunker Lakes Dealership, Inc.[1] [DE 14.] The parties reached a settlement, which depended upon the sale of a recreational vehicle which is the subject of one of the claims in the lawsuit. The case was stayed to effectuate a sale of the RV. [DE 64.] The parties have indicated many times that they expected the RV to have been sold very soon, but attempts to sell the RV have so far been fruitless. During the process of attempting to effectuate the parties' settlement, the attorney for Kruse, Inc.; Mr. Kruse; and Bunker Lakes Dealership moved to withdraw. [DE 75.]

The motion to withdraw was eventually granted and the stay of the case was lifted. [DE 81.] The Court warned Kruse, Inc., that it could not proceed *pro se* and that it needed to obtain replacement counsel. [*Id.* at 2.] Specifically, the Court wrote: "Kruse, Inc., has now lost its prior attorney, David Brown. Kruse, Inc., **must obtain replacement counsel within 30 days of the filing of this notice, or a default will be entered against it**." [*Id.* (bold in original).] The deadline for an attorney to enter an appearance on behalf of Kruse, Inc., was July 1, 2013.

---

[1] The Court refers to the individual Dean Kruse as "Mr. Kruse" and the corporate entity Kruse, Inc., as "Kruse, Inc."

Shortly before the deadline for Kruse, Inc., to obtain a new attorney, Mr. Kruse filed a motion asking for an extension of the deadline. [DE 82.] The Magistrate Judge denied that motion, since Mr. Kruse could not move for an extension on behalf of an unrepresented corporate entity. [DE 85.] No attorney appeared for Kruse, Inc., by the July 1 deadline. Over six weeks after the deadline for counsel to appear, default was entered against Kruse, Inc. [DE 86, 87.] Fourteen days after default was entered, an attorney appeared on behalf of Mr. Kruse; Kruse, Inc.; and Bunker Lakes Dealership. [DE 88.] Kruse, Inc., then moved for relief from its default under Rule 60(b). [DE 89.]

Now before the Court is that Motion for Relief from Judgment. [DE 89.] Mr. Hogan filed a response in opposition. [DE 91.] Kruse, Inc., did not file a reply and the time to do so has passed. For the reasons stated below, the Motion for Relief from Judgment is **DENIED**. [DE 89.]

## I. Discussion

While Kruse, Inc., cites Rule 60(b) of the Federal Rules of Civil Procedure as governing the pending motion, that rule only controls relief after the entry of final judgment. Here, the applicable rule is Rule 55(c), which governs the Court's ability to set aside an entry of default before final judgment. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) ("We are concerned only with Rule 55(c) because the district court did not enter a final default judgment awarding damages to [plaintiff]."). Rule 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

In order to have an entry of default vacated, the moving party must demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco*, 559 F.3d at 630–31 (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d

2

799, 810 (7th Cir. 2007)).  While this is the same test as with a motion under Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *Id.* (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).  While there is a policy of favoring trial on the merits over default judgment, the decision of whether to grant relief from an entry of default is left to the discretion of the Court.  *Id.*

Here, the Court finds that Kruse, Inc., did act quickly in attempting to correct the entry of default by moving to vacate it within fourteen days of its entry.  [Compare DE 87 with DE 89.] However, neither of the other two factors support relieving Kruse, Inc., from the entry of default.

With regard to good cause, Kruse, Inc., argues that the default was the result of excusable neglect, since Mr. Kruse (the president, registered agent, and sole employee of Kruse, Inc.) suffered from health issues during the period that Kruse, Inc., lacked counsel.  [DE 89 at 2.]  In support of that claim, Kruse, Inc., attaches a letter from Mr. Kruse's doctor.  [*Id.* at 4.]

The Court regrets that Mr. Kruse suffered from medical issues during the time in which Kruse, Inc., needed to obtain an attorney and sympathizes with the difficulties that medical issues can cause.  However, Mr. Kruse's medical issues did not prohibit him from submitting a motion requesting an extension of the deadline to obtain counsel.[2]  As well, the letter from his doctor, while confirming serious medical issues, also makes clear that Mr. Kruse continued to work and was not otherwise incapacitated.  This suggests that, during the same period of time, he could have been attempting to locate counsel for Kruse, Inc.  However, no evidence has been offered of any attempt (failed or otherwise) to obtain counsel for Kruse, Inc., before either the Court's deadline or before the clerk entered default.

---

[2] Mr. Hogan argues that the extension request did not mention any medical issues as a reason for needing additional time to obtain counsel.  [DE 91 at 5.]

Moreover, the need to obtain new counsel for Kruse, Inc., should not have been a surprise to Mr. Kruse or to Kruse, Inc. At least as of April 11, 2011—when Magistrate Judge Cobsey granted a previous counsel's request to withdraw—Kruse, Inc., was advised that it cannot appear *pro se* or by a corporate representative. [DE 43 at 2.] That warning was repeated on June 20, 2012. [DE 72 at 3.] Mr. Kruse and Kruse, Inc., were notified that their attorney intended to withdraw in a letter dated October 26, 2012. [DE 75-1.] No explanation has been provided as to why Kruse, Inc., took no steps to obtain counsel despite knowing that the need for new counsel was quickly approaching.

Additionally, the failure to obtain counsel during the time provided by the Court is unfortunately consistent with Mr. Kruse's conduct throughout significant portions of this litigation. The motion states that the sale of the RV is held up because of issues with its title. [DE 89 at 2–3.] However, Mr. Kruse has repeatedly stated that he expects the sale to be completed shortly, to no avail. [DE 65 at 1; DE 79; DE 84.] Additionally, Mr. Kruse was unresponsive to previous counsel for himself and the corporate entities, which lead to the withdrawal of counsel and this entry of default. [DE 66-1; 75 at 2; DE 77.]

Based on the ample time available to obtain replacement counsel; the knowledge that Kruse, Inc., could not proceed *pro se*; the ample notice of the likely need to obtain replacement counsel in advance of previous counsel's withdrawal; and Mr. Kruse's actions in delaying this litigation, the Court does not find good cause for relieving Kruse, Inc., from the entry of default.

Regarding whether Kruse, Inc., has a meritorious defense to the complaint, the Court finds the provided information is insufficient to determine whether any defense is potentially meritorious. A meritorious defense is "one which at least raises a serious question regarding the

4

propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).

Here, Kruse, Inc., has made no effort to demonstrate a meritorious defense to the complaint. Instead, it focuses in its motion on a "meritorious defense to claims that he has not completed the sale of the recreational vehicle in a timely fashion, pursuant to the settlement agreement entered into at mediation." [DE 89 at 2.] In focusing on this dispute regarding effectuation of the settlement, Kruse, Inc., makes no reference to any of the claims in Mr. Hogan's counterclaim. Neither does it make any legal or factual showing of any defense to such claims. Based on the record before it, the Court cannot determine that Kruse, Inc., has made a showing of a potentially meritorious defense to the complaint.

Finally, the Court notes that the pending motion requests "the Court to order the Indiana Bureau of Motor Vehicles to issue a new title" for the RV at issue in the settlement. [DE 89 at 3.] No legal support is provided regarding the Court's authority to issue such an order, nor is any explanation given for why the Court should do so under these circumstances. Mr. Hogan did not respond to the request. Due to the failure to support the request, the request is **DENIED**, without prejudice to be raised at a later time.

## II. Conclusion

Even given the lenient standard under Rule 55(c), Kruse, Inc., has failed to show good cause for setting aside the entry of default. Accordingly, the Motion for Relief from Judgment is **DENIED**. [DE 89.] The Court will now set this matter for status conference to determine whether any party desires to file a dispositive motion. Otherwise, this matter will be set for trial.

SO ORDERED.

ENTERED: July 28, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court